**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | **Substantively Consolidated Under** |
| | **BKY 13-40789** |
| HUSTAD INVESTMENT CORPORATION, | BKY 13-40789 |
| HUSTAD REAL ESTATE COMPANY, | BKY 13-40786 |
| HUSTAD INVESTMENTS, LP, | BKY 13-40788 |
| Debtors. | Chapter 11 Cases |

**NOTICE OF HEARING AND MOTION FOR**
**ORDER AUTHORIZING DEBTORS TO OBTAIN POST PETITION FINANCING**

TO:    The entities specified in Local Rule 9013-3

1.    The above named debtors (together, the "Debtor"), through their undersigned attorneys, moves the court for the relief requested below and gives notice of hearing.

2.    The court will hold a hearing on this motion at **9:00 a.m. on May 8, 2013** before the Honorable Kathleen H. Sanberg, Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

3.    Any response to this motion must be filed and served not later than **May 3, 2013**, which is five (5) days (including Saturdays, Sundays and holidays) before the date set for the hearing.  **Unless a response opposing the motion as to the sale of assets is timely filed, the Court may grant the motion without a hearing.**

4.    This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petitions commencing these cases were filed on February 20, 2013 (the "Petition Date").  This case is now pending before this Court.

{00136827 }

5. This motion arises under 11 U.S.C. §§364(a), §364(b) of the Bankruptcy Code, and Fed.R. Bankr.P. 2002, 4001(c) and 9014. This motion is filed under Local Rules 2002-1, 2002-4(a), 9013-1, 9013-2, and 9013-3.

6. Debtor seeks an order authorizing the Debtor to obtain an unsecured loan allowable under §503(b)(1) as an administrative expense from Trek Development, Inc. ("Trek").

7. The debtors are engaged in the business of real estate investment. Among other real property, they are the owners of two development projects: a commercial development with remaining developed lots consisting of 8+/- acres in Eden Prairie, MN called Bluff Country Village, and a mixed-use development consisting of 110+/- acres in Maple Grove, MN (the "Maple Grove Property"). Both Bluff Country Village and the Maple Grove Property are subject to a first mortgage in favor of BMO Harris Bank, N.A. ("BMO") securing a debt of approximately $12.4 million, including principal of approximately $10.8 million, interest, late fees, attorney fees and costs.

8. Ownership of the properties is split among the debtors. The majority of Bluff Country Village is owned by Hustad Investment Corporation ("HIC"), but some of that property is owned by Hustad Real Estate Company ("HRE"). The Maple Grove Property is owned by Hustad Investments, LP ("HILP").

9. On April 3, 2013, the Bankruptcy Court entered an order substantively consolidating these cases into one case (HIC docket no. 47).

10. The Debtor intends to continue the development and sale of their properties to maximize the value of those assets for the benefit of creditors and equity holders. The strategy to do so will be integrated and involve staged sales of parcels in both Bluff Country Village and the Maple Grove Property.

11. The Debtor expects to close the first sale of property of the estate by the end of May, 2013. Until that time the Debtor does not have sufficient cash resources to pay administrative expenses incurred in the ordinary course of its business.

12. The Debtor proposes to borrow up to $37,000 from Trek to pay these expenses. The expenses include payroll, payroll taxes, benefits, utilities, personal property leases, IT support, platting costs related to the Maple Grove Property, and United States Trustee fees.

13. Trek is owned by Elisabeth Hustad, the president of HRE and HIC.

14. The Debtor's bankruptcy estate may suffer immediate and irreparable harm if it is unable to borrow on an unsecured basis from Trek.

15. The Debtor expects to repay this loan from proceeds of the sale of property of the estate, but will seek that authority at a later date.

16. If necessary, Debtor will call Elisabeth R. Hustad, the President and Chief Executive Officer of Hustad Investment Corporation and Hustad Real Estate Company, which is the sole general partner of Hustad Investments, LP, as a witness in connection with this motion.

**WHEREFORE**, Debtors move the Court for an order authorizing Debtors to incur unsecured debt from Trek of up to $37,000 allowable as an administrative expense under §503(b)(1) to assure payment of post petition obligations and granting any other relief the Court deems just and proper.

Dated:  April 17, 2013                             RAVICH MEYER KIRKMAN
                                                   McGRATH NAUMAN & TANSEY,
                                                   A PROFESSIONAL ASSOCIATION

                                                   By  /e/  Michael L. Meyer (72527)
                                                        Will R. Tansey (323056)
                                                   4545 IDS Center
                                                   80 South Eighth Street
                                                   Minneapolis, MN 55402
                                                   (612) 332-8511

                                                   ATTORNEYS FOR DEBTOR

## VERIFICATION

I, Elisabeth R. Hustad, the President and Chief Executive Officer of Hustad Investment Corporation and Hustad Real Estate Company, which is the sole general partner of Hustad Investments, LP, declare under penalty of perjury that the facts set forth in the preceding Notice of Hearing and Motion For Hearing For Order Authorizing Debtors To Obtain Post Petition Financing, are true and correct, according to the best of my knowledge, information and belief

Executed on April 17, 2013

_____
Elisabeth R. Hustad

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | **Substantively Consolidated Under BKY 13-40789** |
| HUSTAD INVESTMENT CORPORATION, | BKY 13-40789 |
| HUSTAD REAL ESTATE COMPANY, | BKY 13-40786 |
| HUSTAD INVESTMENTS, LP, | BKY 13-40788 |
| Debtors. | Chapter 11 Cases |

**MEMORANDUM OF LAW IN SUPPORT OF DEBTORS' MOTION
FOR ORDER AUTHORIZING POST PETITION FINANCING**

The Debtors, through their undersigned counsel, submit this Memorandum of Law in support of its Motion for Order Authorizing Post Petition Financing ("Motion").[1] The Court will hold a hearing on **May 8, 2013 at 9:00 a.m.** to consider the Motion.

### FACTS

The factual basis for this Memorandum are set forth in the verified Motion and are incorporated as though fully set forth herein.

### LEGAL ARGUMENT

1.  <u>The Proposed Financing Is Necessary To A Successful Reorganization</u>.

Section 364(a) of title 11 of the United States Code provides:

If the trustee is authorized to operate the business of the debtor under section 721, 1108, 1203, 1204, or 1304 of this title, unless the court orders otherwise, the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense.

---

[1] All capitalized terms not defined in this Memorandum have the meanings prescribed to them in the Motion.

{00136871 }

Section 364(b) of title 11 of the United States Code provides:

The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

In negotiating debtor-in-possession financing arrangements, courts "permit debtors in possession to exercise their basic business judgment consistent with their fiduciary duties." In re Ames Department Store, Inc., 115 B.R. 34, 38 (S.D.N.Y. 1990).  Courts will evaluate the facts and circumstances of a debtor's case, and will accord significant weight to the necessity for obtaining financing so long as it does not run afoul of the provisions of and policies underlying the Bankruptcy Code.  See, e.g., In re Snow Shoe, 789 F.2d 1085 (4th Cir. 1986) (approving postpetition financing necessary to sustain seasonable business); Ames, 115 B.R. at 40 ("Cases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit parties in interest.")  Courts generally will not override the debtor's prudent and responsible exercise of its business judgment consistent with its fiduciary duties to the bankruptcy estate and its creditors in negotiating an appropriate financing package. See In re Simasko Prod Co., 47 B.R. 444 (Bankr. D. Colo. 1985) (noting that business judgment should be left to the boardroom and not to the bankruptcy courts).

Debtor contends that unsecured loans from Trek are necessary to meet operating expenses. The financing contemplated by the Motion benefits Debtor's bankruptcy estate and its creditors.  It is critical to the preservation and enhancement of the Debtor's business and going concern value.  If necessary the financing will enable the Debtor to obtain services in connection with its operations, including paying its employees, maintaining adequate cash balances, and operating its business in order to preserve the ongoing value of its assets and enterprise for the

benefit of all creditors.  The availability of credit will provide Debtor's vendors and suppliers the necessary confidence to resume ongoing relationships with Debtor on an ordinary course basis.

## CONCLUSION

For reasons set forth in the Motion and this Memorandum, Debtor respectfully requests that the Motion be granted.

Dated:  April 17, 2013    RAVICH MEYER KIRKMAN
McGRATH NAUMAN & TANSEY,
A PROFESSIONAL ASSOCIATION

By  /e/  Michael L. Meyer (72527)
      Will R. Tansey (323056)

4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 332-8511

ATTORNEYS FOR DEBTOR

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Substantively Consolidated Under BKY 13-40789** |
| HUSTAD INVESTMENT CORPORATION, | BKY 13-40789 |
| HUSTAD REAL ESTATE COMPANY, | BKY 13-40786 |
| HUSTAD INVESTMENTS, LP, | BKY 13-40788 |
| Debtors. | Chapter 11 Cases |

## UNSWORN CERTIFICATE OF SERVICE

I, Michael L. Meyer, declare under penalty of perjury that on April 17, 2013, copies of Debtors':

1. Notice of Hearing and Motion for Order Authorizing Debtors to Obtain Post Petition Financing;
2. Memorandum of Law in Support of Debtors' Motion for Order Authorizing Debtors to Obtain Post Petition Financing;
3. Proposed Order Authorizing Debtors to Obtain Post Petition Financing;

were served by sending to each party a copy thereof as noted on the attached Service List.

Dated: April 17, 2013　　　　　　　　　　　　　　　　　　　　/e/ Will R. Tansey, 323056

{00137091 }

```
ELECTRONIC                          ELECTRONIC                          ELECTRONIC
HUSTAD INVESTMENT CORPORATION       HUSTAD REAL ESTATE COMPANY          HUSTAD INVESTMENTS LP
ATTN  ELISABETH R HUSTAD            ATTN  ELISABETH R HUSTAD            ATTN  ELISABETH R HUSTAD
10470 WHITETAIL CROSSING            10470 WHITETAIL CROSSING            10470 WHITETAIL CROSSING
EDEN PRAIRIE MN 55347               EDEN PRAIRIE MN 55347               EDEN PRAIRIE MN 55347


ELECTRONIC                                                              INTERNAL REVENUE SERVICE
MICHAEL FADLOVICH                   MINN DEPT OF REVENUE                ATTN SPECIAL PROCEDURES
UNITED STATES TRUSTEE               COLLECTION ENFORCEMENT              WELLS FARGO PL STOP 5700
1015 US COURTHOUSE                  551 BANKRUPTCY / P O 64447          30 EAST SEVENTH
300 SOUTH FOURTH STREET             ST PAUL MN 55164                    ST PAUL MN 55101
MINNEAPOLIS MN  55415


                                                                        ELECTRONIC
IRS DISTRICT COUNSEL                US ATTORNEY                         ESTATE OF WALLACE H HUSTAD
650 GALTIER PLAZA                   600 U S COURTHOUSE                  ATTN  CINDY UTTERBACK
380 JACKSON STREET                  300 SOUTH FOURTH STREET             10470 WHITETAIL CROSSING
ST PAUL MN 55101                    MINNEAPOLIS MN 55415                EDEN PRAIRIE MN 55347


ELECTRONIC                          ELECTRONIC                          ELECTRONIC
TREK DEVELOPMENT                    FREDRIKSON & BYRON P A              ANTHONY OSTLUND BAER & LOUWAGIE
ATTN ELISABETH R HUSTAD             ATTN  JOHN KONECK                   ATTN  CORY OLSON
10470 WHITETAIL CROSSING            200 SOUTH SIXTH STREET  STE 4000    90 SO SEVENTH STREET  STE 3600
EDEN PRAIRIE MN 55347               MINNEAPOLIS MN 55402                MINNEAPOLIS MN 55402


ELECTRONIC                          ELECTRONIC                          ELECTRONIC
BASSFORD REMELE P A                 ELISABETH HUSTAD                    KRISTEN KUELBS
ATTN  LEWIS A REMELE JR             10470 WHITETAIL CROSSING            9543 GREY WIDGEON PLACE
33 SO SIXTH STREET  STE 3800        EDEN PRAIRIE MN 55347               EDEN PRAIRIE MN 55347
MINNEAPOLIS MN 55402


ELECTRONIC                                                              ELECTRONIC
ANDERSON ZURMUEHLEN CPAS            BLUE CROSS/BLUE SHIELD              MYTECH PARTNERS
ATTN  CINDY UTTERBECK               P O BOX 64179                       ATTN  LYF WILDENBERG
828 GREAT NORTHERN BLVD             ST PAUL MN 55164                    2420 LONG LAKE ROAD
P O BOX 1040                                                            ST PAUL MN 55113
HELENA MT 59624-1040


ELECTRONIC                          ELECTRONIC                          ELECTRONIC
LAW OFFICES OF JAY F COOK           CITY OF MAPLE GROVE                 RLK INCORPORATED
ATTN  JAY F COOK                    ATTN  KEN ASHFELD                   ATTN  MARY GRAUNKE
5150 N TAMIAMI TRAIL  STE 201       P O BOX 1180                        6110 BLUE CIRCLE DRIVE  STE 10
NAPLES FL 34103                     MAPLE GROVE MN 55311                MINNETONKA MN 55343


ELECTRONIC                          ELECTRONIC                          ELECTRONIC
DORSEY & WHITNEY                    FRUTH JAMISON & ELSASS PLLC         SKOLNICK & SHIFF P A
ATTN  JOE McLEOD                    ATTN DOUGLAS ELSASS                 ATTN  WILLIAM SKOLNICK
50 SO SIXTH STREET  STE 1500        80 SO EIGHTH STREET  STE 3902       527 MARQUETTE AVE SO  STE 2100
MINNEAPOLIS MN 55402                MINNEAPOLIS MN 55402                MINNEAPOLIS MN 55402


ELECTRONIC                          ELECTRONIC                          ELECTRONIC
BMO HARRIS BANK N A                 RUTH K HUSTAD                       RUTH K HUSTAD
C/O B GURSTELLE / J McDONALD        10470 WHITETAIL CROSSING            C/O J KONECK / C CUTLER / S GIBBS
BRIGGS AND MORGAN P A               EDEN PRAIRIE MN 55347               FREDRIKSON & BYRON P A
80 SOUTH EIGHTH STREET  STE 2200                                        200 SOUTH SIXTH STREET  STE 4000
MINNEAPOLIS MN 55402                                                    MINNEAPOLIS MN 55402


ELECTRONIC                          ELECTRONIC                          ELECTRONIC
CENTRAL BANK                        GELLER INDUSTRIES LLC               KELLI HUELER AND WALLACE HUSTAD
C/O ORIN J KIPP                     C/O TIMOTHY R GECK                  C/O AMY J SWEDBERG
WILFORD GESKE & COOK PA             GECK DUEA & OLSON PLLC              MASLON EDELMAN BORMAN & BRAND
8425 SEASONS PARKWAY  STE 105       4770 WHITE BEAR PARKWAY  STE 100    90 SOUTH SEVENTH STREET  STE 3300
WOODBURY MN 55125-4393              WHITE BEAR LAKE MN 55110            MINNEAPOLIS MN 55402
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | **Substantively Consolidated Under**<br>**BKY 13-40789** |
| HUSTAD INVESTMENT CORPORATION, | BKY 13-40789 |
| HUSTAD REAL ESTATE COMPANY, | BKY 13-40786 |
| HUSTAD INVESTMENTS, LP, | BKY 13-40788 |
| Debtors. | Chapter 11 Cases |

**ORDER AUTHORIZING DEBTORS TO OBTAIN POST PETITION FINANCING**

This matter came before the undersigned on Debtors' Motion for Order Authorizing Debtors to Obtain Post Petition Financing ("Motion"). Appearances were noted in the record. The court having heard the argument of counsel, reviewed the documents and pleadings on file with the court, and having determined that authorizing the post petition financing is in the best interests of the debtors' estates,

**IT IS HEREBY ORDERED**

That the Debtors are authorized to incur unsecured debt as described in the Motion, which shall be allowed as an administrative expense under 11 U.S.C. §503(b)(1), as necessary to assure payment of post petition obligations in an amount up to $37,000.

Dated:

_____
Kathleen H. Sanberg
United States Bankruptcy Court Judge

{00136874 }